[Cite as *State v. Tibbs*, 2023-Ohio-4111.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 30620 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYRONE TIBBS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR16 01 0210 |

DECISION AND JOURNAL ENTRY

Dated: November 15, 2023

---

CARR, Presiding Judge.

{¶1} Appellant, Tyrone Tibbs, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2016, Tibbs pleaded guilty to one count of burglary in violation of R.C. 2911.12(A)(2). The trial court imposed an eight-year prison sentence. The trial court further ordered that Tibbs' eight-year prison sentence was to be served concurrently to his sentences in Case No. 2016-01-0007 and Case No. 2016-02-0439, but consecutively to the prison sentence imposed in Case No. 2015-11-3535, for a total prison term of 10 years.

{¶3} The trial court granted Tibbs' motion for judicial release in 2022. The trial court suspended Tibbs' prison sentence and placed him in the court's reentry program for a period of two years pursuant to a number of terms and conditions. At that time, Tibbs signed an agreement

acknowledging his understating that the trial court could reimpose his prison sentence if he violated the terms and conditions of the program.

{¶4} In the months that followed, Tibbs violated the terms and conditions of the reentry program on multiple occasions. On the first occasion, the trial court ordered Tibbs to complete a residential treatment program at a Community Based Correction Facility ("CBCF"), suspended, upon the condition that Tibbs comply with the terms and conditions of the reentry program. On another occasion, the trial court ordered Tibbs to complete the CBCF program. Thereafter, the trial court ordered Tibbs to remain at the CBCF for an additional 60 days as a sanction for another violation.

{¶5} After a hearing on November 10, 2022, the trial court found that Tibbs had again violated the terms and conditions of the reentry program and it terminated his participation. The trial court reimposed the eight-year prison sentence for burglary and awarded him credit for time served. The trial court again ordered that the prison sentence for burglary was to be served concurrently to the sentences imposed in Case No. 2016-01-0007 and Case No. 2016-02-0439, but consecutively to the prison sentence imposed in Case No. 2015-11-3535.

{¶6} On appeal, Tibbs raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, TYRONE TIBBS, BY REIMPOSING PRISON AND CONSTITUTES AN ABUSE OF DISCRETION BY THE COURT. (SIC)

{¶7} In his sole assignment of error, Tibbs argues that the trial court erred by reimposing his eight-year prison sentence for burglary. Tibbs seemingly advances two arguments in support of this position. First, Tibbs appears to challenge the trial court's decision to impose an eight-year

prison sentence at the time of his original sentence in 2016. Second, Tibbs contends that the trial court erred by reimposing his prison sentence after he violated the terms and conditions of judicial release.

{¶8} As an initial matter, Tibbs is precluded from challenging the trial court's original sentencing decision at this time. Tibbs declined to file a direct appeal after his sentencing in 2016. Because Tibbs could have raised his argument pertaining to his original sentence on direct appeal, he is now barred from raising that argument in a subsequent proceeding under the doctrine of res judicata. *See State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio-2632, ¶ 7.

{¶9} Tibbs' argument that the trial court incorrectly reimposed his prison sentence is also without merit. When a trial court grants a motion for judicial release, it reserves the "right to reimpose the sentence that it reduced if the offender violates the sanction." R.C. 2929.20(K). Here, at the time that the trial court granted Tibbs' motion for judicial release, it notified him both at the hearing and in its journal entry that it could reimpose his prison sentence upon a violation. Tibbs signed a form indicating that he understood that the trial court could reimpose his prison sentence if he violated the terms and conditions of the reentry program. Tibbs proceeded to violate the terms and conditions of his judicial release on multiple occasions. At a hearing in September 2022, where Tibbs was sanctioned for a third time, the trial court again informed Tibbs that it could reimpose his prison sentence if he did not comply with the terms and conditions of the reentry program. Thereafter, Tibbs was involved in a physical and verbal altercation with a CBCF staff member. Tibbs admitted to the violation at a subsequent hearing. At that time, the trial court terminated Tibbs' participation in the reentry program and reimposed his prison sentence. It follows that, in light of the violation, the trial court did not err in reimposing Tibbs' prison sentence.

**{¶10}** Tibbs' assignment of error is overruled.

III.

**{¶11}** Tibbs' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.